**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY ABERNATHY,

    Petitioner,

v.                                            Case No. 2:08-CV-14169

UNITED STATES MARSHAL SERVICE,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Petitioner Gary Abernathy, a federal pre-trial detainee currently incarcerated at the Wayne County Jail in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging violations of his speedy trial rights, judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel, retaliation, vindictive prosecution, and conspiracy in his federal criminal case which is currently pending in this court before the Honorable Victoria A. Roberts. Petitioner states that he moved to dismiss his criminal case on speedy trial grounds, but Judge Roberts denied his motion. Petitioner admits that he has not previously presented his other claims in federal court. Petitioner seeks immediate release from his alleged illegal detainment and custody.

**II. DISCUSSION**

Promptly after the filing of a petition for a writ of habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

A federal district court has discretion to apply Rule 4 to summarily dismiss facially insufficient habeas petitions brought under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). The court may summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to the petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking such a review, the court will deny without prejudice the petition for a writ of habeas corpus. The court will also deny a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

As noted, Petitioner is a federal pre-trial detainee who is challenging the constitutionality of his ongoing criminal proceedings before the Honorable Victoria A. Roberts of this court. Petitioner asserts a speedy trial violation, as well as other constitutional claims, and seeks immediate release from custody. A state pretrial detainee may bring a habeas action in federal court to demand a speedy trial, but may

2

not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). Additionally, although 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas corpus petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Similarly, a habeas petition brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pre-trial detainee to allege that he is being held in custody in violation of his right to a speedy trial or other constitutional trial rights. *See Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001)). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Id.* When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)).

In this case, Petitioner seeks immediate release from custody and the issues he raises in his habeas petition would be dispositive of the underlying federal criminal charges. Petitioner must therefore exhaust his claims at trial and on direct appeal before he can maintain a habeas action. He has not done so. First, Petitioner admits

that he has not previously presented his judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel, retaliation, vindictive prosecution, and conspiracy claims in any federal court.[1]  Second, while Petitioner has presented his speedy trial claim to the trial judge and she has denied relief on that claim, the United States Court of Appeals for the Sixth Circuit has ruled that it lacks jurisdiction over an interlocutory appeal of that claim.  *See United States v. Abernathy*, No. 08-1778 (6th Cir. Aug. 5, 2008).[2]  Consequently, Petitioner must await resolution of his claims on direct appeal, should he be convicted, before he may pursue habeas relief.  This action is premature.

### III.  CERTIFICATE OF APPEALABILITY AND *IN FORMA PAUPERIS* STATUS

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to dismiss the habeas petition, the court has studied the record and relevant law, and concludes that it is presently in the best position to decide whether to issue a COA.  *Id.* at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *rev'd in part on other grounds*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition ... will have an intimate knowledge of both the record and the relevant law,' "the district judge is, at that point, often best able to determine whether to issue the COA).

---

[1]The court expresses no opinion as to whether any such claims are yet ripe.

[2]The court obtained this information from the docket of Petitioner's criminal case, No. 08-CR-20103.  A federal court is permitted to take judicial notice of its own records.  *See United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir. 1972); *Hargrove, supra* at *1, n.1 (citing cases).

4

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should only issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85. Having considered the matter, the court concludes that reasonable jurists would not find the court's ruling debatable nor would they find that Petitioner has made a substantial showing of the denial of a constitutional right. The court, therefore, will deny a certificate of appealability.

Lastly, the court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the court also will deny Petitioner leave to proceed on appeal *in forma pauperis*.

5

## IV. CONCLUSION

For the reasons stated, the court concludes that the instant habeas petition is premature and that the court cannot grant Petitioner the relief he seeks in this case. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court DENIES a certificate of appealability and DENIES leave to appeal *in forma pauperis.*

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: October 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 14, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-14169.ABERNATHY.ctb.wpd